NOT DESIGNATED FOR PUBLICATION

No. 112,554

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BLIGH MATHEW SCHULTE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed March 2, 2018.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Curtis Brown*, special prosecutor, of Hays, *Kristafer R. Ailslieger*, deputy solicitor general, and
*Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: Defendant Bligh Mathew Schulte challenges the Ellis County
District Court's ruling denying his motion to suppress the results of a breathalyzer test
used to support his conviction for driving under the influence in violation of K.S.A. 2012
Supp. 8-1567. Schulte contends his consent to the testing was impermissibly coerced
because of the criminal penalties imposed in K.S.A. 2012 Supp. 8-1025, a statute the
Kansas Supreme Court has since held to be unconstitutional. The State counters with dual
arguments: (1) The district court's ruling may be affirmed because the arresting officer

1

acted in good-faith reliance on K.S.A. 2012 Supp. 8-1025, thereby overriding the exclusionary rule applied to bar evidence government agents obtain in violation of the Fourth Amendment to the United States Constitution; and (2) the ruling may be affirmed because the breath test was administered as a search incident to Schulte's arrest for driving under the influence.

The district court heard the motion to suppress and the trial of the DUI charge simultaneously based on stipulated facts. The stipulation established that a police officer with the City of Hays stopped Schulte in mid-August 2012 and had probable cause to arrest him for driving under the influence. After his arrest, Schulte took a breathalyzer test that showed his blood-alcohol level to be over the legal limit set in K.S.A. 2012 Supp. 8-1567. The district court denied the motion to suppress, found Schulte guilty, and duly sentenced him. Schulte appealed. The appeal has been held awaiting rulings in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016); *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*); and *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*), and supplemental briefing from the parties on those cases. The Kansas Supreme Court held K.S.A. 2016 Supp. 8-1025 to be unconstitutional in *Ryce II*, 306 Kan. at 700, reaffirming its pre-*Birchfield* determination—a conclusion rendering Schulte's consent in this case legally tainted.

In its present factual and legal posture, this case presents precisely the same controlling issues that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶¶ 5-6 (No. 112,449, this day decided). We find the reasoning and result in *Perkins* persuasive. We, therefore, affirm the district court's denial of Schulte's motion to suppress because the breathalyzer test was a constitutionally proper warrantless search incident to Schulte's arrest and, alternatively, because the arresting officer relied in good faith on K.S.A. 2012 Supp. 8-1025, before it was declared unconstitutional, to inform

2

Schulte about the legal consequences of declining to take the test. In turn, we affirm Schulte's conviction and sentence.

Affirmed.

\* \* \*

ATCHESON, J., concurring:  For the reasons set out in my concurring opinion in *State v. Perkins*, 55 Kan. App. 2d ___, slip op. at 14-19 (No. 112,449, decided this day) (Atcheson, J., concurring), I would affirm the Ellis County District Court's ruling on the motion to suppress based solely on the good-faith exception to the exclusionary rule applicable to violations of the Fourth Amendment to the United States Constitution. That alone is sufficient to uphold the district court in all respects.